## COHN FLOUR & FEED CO. v. COATS BROS. et al.

### No. 1808.

Court of Appeal of Louisiana. First Circuit.

March 9, 1938.

Reid & Reid, of Hammond, for appellant.

J. H. Inman, of Ponchatoula, for appellees.

DORE, Judge.

This is a suit on an open account against the alleged commercial partnership of Coats Bros., composed, according to the allegations of the petition, of Miss Alma Coats, .Miss Estelle Coats, Eugene Coats, E. N. Coats, and S. S. Coats. A sworn itemized statement of the account sued on is attached and annexed to the petition, showing a balance of $895.92, the amount demanded in the prayer against the alleged partnership and also against the individual members alleged to compose the same, in solido.

After the filing of the suit, and before final decision, the plaintiff corporation went into liquidation, and the liquidator was substituted as party plaintiff. Subsequently, the original liquidator, David H. Taylor, was substituted by Marion B. Kahn, and the latter was then made party plaintiff in place of the former.

Judgment was rendered as prayed for on confirmation of default; but it appears that this was done inadvertently as to Miss Estelle Coats in contravention to an agreement which had been entered into with the principal counsel engaged in the case. Upon a motion filed by Miss Coats, and without controversy, a new trial was ordered and had, contradictorily with Miss Estelle Coats, which resulted in a judgment in favor of Miss Estelle Coats and against the plaintiff firm in liquidation, dismissing the suit as far as she was concerned. The plaintiff appealed.

After a careful examination of the record, we are not satisfied and ready to render a final judgment on the present state of the record. The record is very unsatisfactory. We fail to find any answer in the record. It appears that a portion of the evidence was omitted or not transcribed. We presume that it is the contention of plaintiff that Miss Coats was actually a member of the alleged partnership at the time of the incurrence of the indebtedness or at a later date; and, if not a member thereof, then and in that event that she held herself out as such; and that in either event she was liable. We also presume that all of this is denied by Miss Estelle Coats. In order to decide this case, we would have to indulge in presumptions. If Miss Estelle Coats was a member of this firm, there should be some evidence to prove it. From the officers of the firm, it seems that they should be able to produce some legal evidence to show that she was a member of the firm, as they claim to have investigated and found out that she was a member before they sold their goods. They must have some proof of this fact. If Miss Coats is to be held liable because she held herself out as a member of the firm, there should be some testimony in the record to show when she held herself out as such.

The evidence is not clear in regard to the time of the visit of Miss Coats at the office of plaintiff firm. This should be definitely established. Likewise explanation should be made of the reasons why the three post-dated checks were given.

Miss Coats failed to offer the testimony of her sister and brothers, and the note of evidence shows that a Mr. W. A. Cobb was to testify and his testimony taken in another parish at a later day. These witnesses may throw some light on the subject matter.

Under article 906 of the Code of Practice, we have the authority to remand the case in furtherance of justice.

For these reasons, it is ordered that the judgment of the lower court is annulled and set aside and the case remanded for a new trial. The costs in both courts to abide the final results.